## VALIDITY OF A CITY ANTI-INTOXICATING LIQUOR ORDINANCE.

Common Pleas Court of Stark County.

SOPHIA SILIA v. THE CITY OF CANTON.

Decided, September, 1920.

*Constitutional Law—Municipal Ordinance Against Manufacture, Sale or Giving Away of Intoxicating Liquor—Not Invalid for Indefiniteness, When—Weight of Evidence as to Guilt of the Accused.*

1. A city ordinance making it unlawful to manufacture, sell, furnish or give away intoxicating liquors for beverage purposes, is a valid enactment and constitutional.
2. A conviction by the trial court will not be reversed on error because the same may be against the weight of the evidence, unless it be found that it is manifestly so.

*Loren C. Wise,* for plaintiff in error.
*Clarence A. Fisher,* and *James E. Kinnison,* for defendant in error.

DAY, J.

This is a proceeding in error brought to reverse the criminal court of the city of Canton wherein a judgment was rendered

against the plaintiff in error, who was charged with violation of a city ordinance for keeping a place of public resort where intoxicating liquors were possessed for beverage purposes.

At the outset I may remark that the court is not favored with the presence of Exhibit A, to-wit, the bottle and liquid therein contained. It is a grave question whether this petition in error might not be dismissed for the reason that the entire bill of exceptions is not before the court; however, in view of the fact that the matter was submitted at length, and without the question being raised, I deem it better to go forward and give my views without further comment as to the absence of Exhibit A.

There are eight grounds of alleged error set forth in the petition, but they may be grouped under two general heads: first, that the city ordinance itself is void for uncertainty and that a prosecution cannot be lawfully had thereunder; and second, that the judgment of the court below is against the manifest weight of the evidence.

The ordinance in question was approved March 30, 1920, and published according to law, and is known as Ordinance No. 4576 of the city of Canton. Said ordinance provides that it shall be unlawful to manufacture, sell, furnish, possess or give away intoxicating liquors for beverage purposes or keep a place where intoxicating liquors are manufactured, sold, furnished, possessed or given away for beverage purposes; and provided that it shall not be a violation of the ordinance to possess and give away intoxicating liquors in one's *bona fide* private dwelling, unless the place shall be a place of public resort; and provided further that nothing therein shall be so construed as to prohibit anything permitted or authorized to be done by the Constitution or laws of Ohio or by the Constitution or laws of the United States, relative to the traffic in intoxicating liquors.

It is urged that in the light of these negative averments and these provisions as to the Constitution of Ohio and the United States that this ordinance is uncertain, vague and indefinite. The construction of laws and ordinances require the courts to

construe the language in the ordinary meaning of the English words and that all parts of the ordinance should be construed together and given force and effect.

I think, in the light of the accepted rules of construction, this ordinance is valid, and I see no uncertainty or indefiniteness or vagueness which interferes with its true intent and meaning, to-wit, to prohibit the sale, manufacture, possession, furnishing or giving away of intoxicating liquors for beverage purposes, or to keep a place where intoxicating liquors are manufactured, sold, furnished or possessed or given away for beverage purposes. I therefore reach the conclusion that, in the light of the plain intention of this ordinance, the first ground of alleged error is not well taken and the same is overruled.

An examination of the bill of exceptions discloses that, at the date and place in question, four officers visited the place of plaintiff in error, and as they came upon the scene they found a room which had formerly been used as a saloon, now being used as a place for the sale of soft drinks; that patrons and customers were using it as a place of public resort; that said customers were standing in front of the bar drinking and that the place was being conducted as a public drinking place. Immediately upon the officers coming into the saloon, the plaintiff in error, who was behind the bar, was holding a glass containing some light colored liquid; that she removed the same into the sink and turned on the water spigot. An officer rushed back of the bar, turned off the water and succeeded in collecting a certain amount of the liquid or liquor which had been in the glass that had not run out from the sink but had lodged in a low or concave space therein. This liquid was afterwards analyzed or submitted to tests by a chemist and found to contain 24 per cent. alcohol. The record further discloses that such beverage is an intoxicating liquor.

The plaintiff in error herself testifies in a vague, uncertain and indefinite manner through an interpreter and is supported by her husband who had formerly been convicted for violation of the liquor laws; the gist of their testimony being that plaintiff in error was washing a glass and that it did not contain intoxicating liquor.

This is, in substance, what the record shows. Now the question for the court to determine is whether the judgment of conviction entered by the court is so manifestly against the weight of the evidence that the same should be reversed.

Commenting on the conflict of evidence in a criminal case, Judge Peck in *Breese* v. *State*, 12 Ohio St., 146-156 (80 Am. Dec. 340) said:

"The jury who try a cause and the court before which it is tried, have much better opportunities to determine the credibility and effect of the testimony, and we ought therefore, to hesitate before disturbing a verdict rendered by a jury and confirmed by a court, possessing such advantages, merely because there is an apparent conflict in the testimony."

And the court in that case, held, that,

"A judgment will not be reversed because the verdict is contrary to the evidence, unless it is manifestly so, and the reviewing court will always hesitate to do so where the doubts of its propriety arise out of a conflict in oral testimony.

Applying the rule of law above stated to the evidence presented in this case, we find no sufficient ground to warrant us interfering with the verdict rendered."

The court of appeals of this district laid down the rule for disturbing verdicts in a criminal case, in *Andy* v. *State*, 19 C.C. (N.S.), 93, 94.

"And as a reviewing court keeping in mind the rule that the verdict of the jury should not be set aside unless it is manifestly against the weight of the evidence, we are of the opinion that the record presents a case which does not require this court to interfere with the verdict of the jury on the ground stated."

The court trying the case has the very great advantage of seeing the witnesses, hearing their testimony, observing their demeanor and reaching a conclusion upon not only the spoken words of the witness, but his manner of testifying, his appearance and his general conduct, all of which aid the court in reaching a conclusion as to what weight should be given his testimony.

Now, the rule in a criminal case is that the evidence should satisfy the mind of the trier with the guilt of the accused beyond a reasonable doubt before a judgment or verdict so finding could be lawfully rendered. The Supreme Court of Ohio has held that in human affairs absolute certainty is not always attainable and from the nature of things, reasonable certainty is all that can be attained upon many subjects. When a full and fair consideration of all the evidence satisfies the mind to a reasonable certainty of the guilt of the accused, it is the duty of the court to so find. Of course, whenever there is only a strong probability of the guilt of the accused, it is the duty of the court to acquit.

From a careful reading of this record I have reached the conclusion that while the evidence is conflicting as in all the cases, yet I cannot say that the rule of the Supreme Court as to reversing criminal cases will permit me to do aught else than to deny the petition in error on the grounds alleged,— that the judgment of the trial court is against the weight of the evidence.

The remaining ground of error is that the court sentenced the plaintiff in error as for a second offense.

An examination of this ordinance shows that the first offense may be punishable by a fine of not less than $100 and not more than $500; for a second offense by a fine of not less than $200 and not more than $500. It is true that the court used the phrase that he regarded the offense as a second offense because the husband had previously been convicted or had plead guilty to a similar offense prior to the date in the affidavit filed against the plaintiff in error.

The assessing of the fine against the wife in this amount may have been caused by the fact that the husband had theretofore been guilty of the same offense and that it was therefore in the nature of a second offense for this couple. Yet he had the lawful right under the terms of this ordinance to assess the fine of $500 for a first offense, and the record therefore does not disclose that the court below transgressed the law in

assessing a fine authorized by the ordinance. His conclusion was lawful even though his reasoning or mental processes may not have been so. The same cannot therefore be a ground of error.

Upon the whole record, I find no error which justifies the reversal of this judgment of the court below and the same is therefore affirmed.